# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ANTONIO MORGAN, et al., | : |
| Plaintiff, | : Case No. 7:24-CV-00076-WLS-TQL |
| v. | : |
| Warden SHROPSHIRE, et al., | : Proceedings Under 42 U.S.C. §1983 |
| | : Before the U. S. Magistrate Judge |
| Defendant. | : |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Antonio Lamar Morgan, a prisoner at the Valdosta State Prison in Valdosta, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Then on September 18, 2024, he filed a motion to amend his complaint. ECF No. 5. A plaintiff may amend a complaint once as a matter of course prior to service or dismissal. Fed. R. Civ. P. 15(a); *see also Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir.2004) (holding that the district court abused its discretion when it denied plaintiff's motion to amend when plaintiff filed his motion before the district court dismissed his complaint and before any responsive pleadings were filed). Accordingly, Plaintiff's motion to amend his complaint (ECF No. 5) is **GRANTED**.

Here, Plaintiff complains about the conditions of his confinement in the C-1 dorm of Valdosta State Prison. ECF No. 1 at 7-10. In his motion to amend his complaint, Plaintiff states that other inmates in the C-1 dormitory are also "witnesses and plaintiffs of the systemic problems and issues of indifference and serious risk and threat of harm." ECF

No. 5 at 2. He then states that "[p]aragraphs and instances in which plaintiff refers to 'the inmates of C-1' are amended to reflect the identity of similarly situated and affected inmates housed in C-1.". *Id.* Plaintiff is thus joining other prisoners from the C-1 dormitory at Valdosta State Prison as Plaintiffs and he seeks class certification for himself and these additional Plaintiffs. *Id.* at 2-3.

The now joined Plaintiffs are seeking leave to proceed *in forma pauperis* via a motion to proceed without prepayment of fees submitted only under Plaintiff Morgan's name. ECF No. 3. However, the Eleventh Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA") mandates that every prisoner litigant is obligated to pay the full filing fee for civil actions even if proceeding *in forma pauperis* and thus precludes permissive joinder of multiple prisoner plaintiffs in a single case. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (citing 28 U.S.C. § 1915(b), *cert denied*, 534 U.S. 1136 (2002)) (affirming the district court's dismissal of a multi-plaintiff action on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee" under the PLRA). As the Eleventh Circuit Court of Appeals noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* Moreover, Mr. Morgan initiated this lawsuit on behalf of himself and other prisoners at Valdosta State Prison without the assistance of counsel. *See* ECF Nos. 1 and 3. He has further filed motions in furtherance of his civil action on behalf of his fellow prisoners including motions to appoint counsel (ECF Nos.2, 5, and 6) and a motion for a preliminary injunction (ECF No. 7). However, it is well-settled that a *pro se* prisoner such as Mr. Morgan cannot represent the interest of other prisoners.

2

*See, e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a *pro se* litigant "cannot bring an action on behalf of his fellow ... inmates"); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam)[1] (affirming dismissal of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates). Plaintiff Morgan is therefore not permitted to bring a civil action on behalf of his fellow inmates now joined as Plaintiffs in this civil action or otherwise to file a complaint as a class action lawsuit. As it does not appear that Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Any potential Plaintiff, including Morgan, may file a <u>separate</u> complaint, in which he asserts only claims personal to himself, if he chooses to do so. Each Plaintiff must also either pay the filing fee or submit a proper motion to proceed *in forma pauperis* with his individual complaint.

Even if Plaintiff's complaint were to be considered as being brought solely on his own behalf, Plaintiff has not stated a claim upon which relief may be granted. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

of his complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

4

Notably here, Plaintiff states that, although other prisoners have filed unsuccessful grievances, he has not filed any type of grievance regarding the issues he now brings before this Court.[2] ECF No. 1 at 5. 42 U.S.C. § 1997e(a) of the PLRA states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In other words, the PLRA mandates that a prisoner must file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process *before* filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added); *see also* 42 U.S.C. § 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock,* 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on

---

[2] Although Plaintiff states that other inmates have filed unsuccessful grievances, he also contradictorily asserts that Valdosta State Prison has no grievance procedure. *See* ECF No. 1 at 5 and 6. This Court has authority to take judicial notice of its own records. *United States v. Rey,* 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). As such, the Court has conducted a review of other § 1983 litigation involving Valdosta State Prison within the time frame that Plaintiff states his claims arise and finds that other prisoner litigants assert they have utilized a grievance process at Valdosta State Prison.

5

the course of its proceedings." *Woodford*, 548 U.S. at 90-91. The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Bock*, 549 U.S. at 211. Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam) (Georgia inmate failed to exhaust administrative remedies where he failed to appeal grievable claims after presenting to the appropriate party). The law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement[.]" *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)); *see also Johnson v. Forsyth Cnty. Bd. of Comm'rs*, No. 21-10447, 2024 WL 4224255, at *2 (11th Cir. Sept. 18, 2024) (holding that because "exhaustion is a threshold matter, the district court erred by not addressing and resolving any dispute regarding exhaustion prior to reaching the merits of [plaintiff's] claims"). Plaintiff clearly states on the face of his complaint that he did not submit a grievance at Valdosta State Prison regarding his present claims against the Defendants.

ECF No. 1 at 3-4. Therefore, Plaintiff has not complied with the PLRA's requirement that he exhaust his administrative remedies prior to filing a § 1983 complaint. Accordingly, Plaintiff's complaint is subject to dismissal under § 1915A for failure to state a claim for which relief may be granted. *See Jones,* 549 U.S. at 216; *Bingham,* 654 F.3d at 1175; *Solliday v. Fed. Officers,* 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

Finally, even if exhaustion of administrative remedies was not at issue in this matter, this civil action would still be subject to dismissal for Plaintiff Morgan's failure to state a claim. The allegations are a running list of complaints that do not mention any Defendant by name. *See* ECF No. 1 at 7-10. Thus, it is unclear why any of the Defendants are listed as Defendants in this action. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation."); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state

law' and the constitutional deprivation"). Because Plaintiff Morgan fails to link a claim to any Defendant, this civil action is subject to dismissal for failure to state a claim.[3]

## CONCLUSION

Plaintiff's motion to amend the complaint (ECF No. 5) to add additional Plaintiffs is **GRANTED**. However, because the prisoner Plaintiffs cannot join as Plaintiffs in this civil action nor can Plaintiff Morgan file this claim as a class action on behalf of other inmates and because Plaintiff Morgan has not stated a claim for relief on his own behalf, this case is **DISMISSED** in its entirety **WITHOUT PREJUDICE**. Plaintiffs' motions to appoint counsel (ECF Nos. 2, 5, and 6) and the motion for a preliminary injunction (ECF No. 7) are now **DENIED** as moot.

**SO ORDERED**, this 24th day of October, 2024.

/s/ W. Louis Sands
W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] If Plaintiff Morgan is attempting to assert a claim based solely upon the possible supervisory role of any Defendant, then the claims still fail. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").